831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel Lawrence TAORMINA (87-1183), Gerald Phillips
(87-1184), Petitioners-Appellees,
v.
Dale Foltz, Warden, State Prison of Southern Michigan,
Jackson, Michigan, Respondent-Appellant.
 Nos. 87-1183, 87-1184
 United States Court of Appeals, Sixth Circuit.
 October 7, 1987.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The State of Michigan appeals from the decision of the district court granting conditional writs of habeas corpus to petitioners Samuel Taormina and Gerald Phillips.
 
 
 2
 Petitioners were jury-tried in the Ottawa County, Michigan, Circuit Court on charges of kidnapping in violation of M.C.L. Sec. 750.349 and conspiracy to commit murder in violation of M.C.L. Sec. 750.157a. Codefendants Phillip Phillips and James Atherton were tried in the same proceedings. Petitioners were convicted of kidnapping and acquitted on the conspiracy charge. On September 17, 1977, Taormina was sentenced to a ten- to forty-year term of imprisonment. Petitioner Phillips was sentenced to a twenty- to forty-year term. Phillips' conviction was affirmed by the Michigan Court of Appeals. People v. Phillips, 112 Mich. App. 98 (1982). Taormina's conviction was also affirmed by the Michigan Court of Appeals in an unpublished opinion. Both convictions were affirmed by the Michigan Supreme Court. People v. Wesley, 421 Mich. 375, 365 N.W.2d 692 (1984).
 
 
 3
 Petitioners subsequently filed their petitions for writs of habeas corpus. On October 31, 1986, a magistrate filed a report and recommendation that the writ be granted on the ground that the jury instruction in the trial court failed to instruct on an essential element of the crime. On January 21, 1987, the report and recommendation was adopted by the district court. The state filed a notice of appeal, and a stay pending appeal was granted.
 
 
 4
 In this appeal, the state argues that the instructional error, if any, was harmless beyond a reasonable doubt. Petitioners contend that, under our decision in Hoover v. Garfield Heights Municipal Court, 802 F.2d 168 (6th Cir. 1986), cert. denied, 107 S. Ct. 1610 (1987), such error can never be harmless.
 
 
 5
 Upon consideration of the briefs and record herein and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in the magistrate's report and recommendation which was adopted by the district court in its Memorandum Opinion and Order entered January 21, 1987.
 
 
 6
 ALAN E. NORRIS, Circuit Judge, concurring in the result.
 
 
 7
 In Hoover v. Garfield Heights Municipal Court, 802 F.2d 168 (6th Cir. 1986), cert. denied, 107 S.Ct. 1610 (1987), we pointed out that, 'when an instruction prevents the jury from considering a material issue, it is equivalent to a directed verdict on that issue and therefore cannot be considered harmless.' Id. at 177. In that case, because the trial court omitted an element of the crime when instructing the jury, the jury was prevented from considering it and effectively directed to return a verdict for the state on that element, since the state was relieved from proving its existence.
 
 
 8
 Here, the trial court did not omit an element; included in its instructions were all the elements of kidnapping, including confinement without legal justification. The court then went on to define legal justification in the context of the proof which had been presented at trial, pointing out to the jury that a valid citizen's arrest would amount to legal justification. However, when the trial court went on to advise the jury of the factors that would constitute a valid citizen's arrest, it added at least one requirement that is not found in Michigan law.
 
 
 9
 Under the state of this case, in order to establish that the victim was confined without legal justification, the state was essentially required to disprove the asserted defense that the victim was subjected to a valid citizen's arrest. It could accomplish this by demonstrating the absence of any one of the elements of the defense. There was no evidence to support the existence of the added element.
 
 
 10
 Under the unique circumstances of this case, then, the practical effect of adding the unwarranted element was to require the jury to find that there was no valid citizen's arrest, which was tantamount to directing the jury to find that the victim's confinement was without legal justification.
 
 
 11
 Accordingly, I agree with the district judge's conclusion that 'the trial court deprived petitioners of their right to have the prosecution prove to a properly instructed jury that their confinement of the victim was without lawful authority,' but am unable to fully agree with the reasoning which led him to that conclusion. However, because I conclude that our holding in Hoover v. Garfield Heights Municipal Court, supra, is applicable to the peculiar circumstances of this case, to the extent that the trial court effectively directed a verdict for the state on the element of confinement without legal justification, I concur with the holding of the majority that a harmless error analysis is not permitted.